436 P.2d 1018

Bliss S. ELMER, Plaintiff and Respondent,

v.

A. H. MORTENSEN and Clyde Mortensen, dba A. H. Mortensen Plumbing & Heating Company, Defendants and Appellants.

No. 10915.

Supreme Court of Utah.

Feb. 8, 1968.

Glenn. C. Hanni, of Strong & Hanni, Salt Lake City, for appellants.

Neil D. Schaerrer, Salt Lake City, for respondent.

TUCKETT, Justice.

The plaintiff commenced this action in the court below to recover for personal injuries suffered by him as a result of an accident which occurred on April 3, 1964, while he was engaged in construction of a building in Springville, Utah. From an adverse verdict and judgment in the court below the defendant has appealed to this court seeking a new trial or in the alternative a reduction in the judgment.

Prior to the injuries complained of the plaintiff had been employed as foreman in charge of the construction of a building for a food market. The defendant, A. H. Mortensen, was a subcontractor engaged in the installation of plumbing in the building. There was an entrance in the east wall of the building which was used by the contractors and workmen to bring materials to the job site. There was a foundation wall in the lower portion of the entrance and a dirt ramp had been constructed on either side of the entrance to permit the use of vehicles.

On the day of the accident the plaintiff and other workmen of the general contractor were engaged in the installation of steel reinforcing wire preparatory to the pouring of a cement floor. One of the workmen was engaged in cutting strips of mesh wire from a large roll. The wire was unrolled to the desired length and a cut was made; then the roll of wire was unrolled in the opposite direction for the next cut. The method used resulted in one layer of mesh wire being laid on top of the other until the entire roll was cut to the proper length. The ends of the cut strips of wire had a tendency to curl upwards at the ends.

The defendant's foreman, with a crew of men, was engaged in the installation of underground plumbing which was necessary prior to the laying of the cement floor. The foreman sent one of his employees, Douglas Duane Poulson, to get a needed fitting. Poulson proceeded with a pickup truck to a point near the entrance to the building. As Poulson approached the entranceway, where the mesh wire had been laid out, the plaintiff motioned him to stop. Plaintiff stood on the edge of the strips of wire and with a board approximately six feet long attempted to hold down the wire while the vehicle passed over it. When Elmer was in position,

he said to Poulson, "Okeh, come over it slow." Poulson then proceeded to drive over the wire and out of the building. As the truck proceeded, a portion of the wire engaged the undercarriage of the truck. The truck, in pulling the wire, caused Elmer to lose his footing and he was dragged with the wire out of the building. There is a conflict in the testimony as to how Poulson proceeded to drive the truck out of the building. Poulson testified that he eased the truck forward until the truck was going out of the building and that he then accelerated slightly to proceed up the ramp and over the foundation. Other witnesses testified that Poulson revved up his motor and accelerated the truck, and that before the vehicle started to move the wheels commenced spinning and to throw gravel. There was testimony to the effect that the sudden movement of the wire upon which the plaintiff was standing caused him to fly into the air before being dragged from the building. There was also evidence to the effect that the truck continued for three or four truck lengths before it came to a halt.

As a result of the accident Elmer suffered serious injuries to his back, requiring the fusion of four vertebrae. The fusion of the vertebrae resulted in a loss of movement in that part of his spine. The attempted fusion between two of the vertebrae was unsuccessful, and the surgeon who performed the surgery testified that further surgery would be necessary to correct the nerve root irritation and the continuing pain suffered by Elmer. Medical testimony indicated that the plaintiff would suffer a partial disability of 30% and that the disability was permanent.

The defendant contends that the court erroneously instructed the jury on the issue of the plaintiff's contributory negligence, and further that the verdict returned by the jury included a double recovery for general damages, as well as a loss of future earnings.

As to the first claimed error the defendant claims that the court unnecessarily limited the defendant's claim of contributory negligence on the part of Elmer by instructing the jury that the defendant had the burden of proving that the plaintiff was negligent in one or more of the following particulars: (a) in that he failed to remove the reinforcing wire from the entrance to the building before allowing the truck driven by Douglas Duane Poulson to proceed; (b) in that he failed to maintain a proper lookout and exercise due care for his own safety. The defendant urges that the court in using the word "and" in part (b) of the instruction above quoted placed the burden upon the defendant of proving that the plaintiff both failed to maintain a proper lookout and to exercise due care for his own safety. The defendant claims that the word "or" should have been used which would only require

that the defendant prove that the plaintiff was guilty of negligence in failing to use due care for his own safety as a separate proposition and not in connection with the claim that the plaintiff failed to maintain a proper lookout. The defendant contends that the court by its instruction above referred to unnecessarily restricted the defendant in presenting his claim to the jury that the plaintiff was guilty of negligence in standing upon the wire while the vehicle was being driven over it.

It will be noted that in the court's charge to the jury the issue of plaintiff's contributory negligence was dealt with in various instructions. Instruction No. 2, which dealt with the respective claims of the party, reads in part as follows:

The defendant denies that his employee drove the truck negligently, and claims that the injuries, if any, suffered by the plaintiff, were caused by his own negligence in failing to remove the reinforcing wire from the entrance to the building, in failing to maintain a proper lookout, and in failing to exercise due care for his own safety in that he stood upon the wire while the truck passed over it.

Again, in Instruction No. 12 the court had this to say:

It was the duty of the plaintiff, Bliss S. Elmer, to use reasonable care under the circumstances to prepare the driveway so that the truck could proceed across it pursuant to his instructions and to maintain a proper lookout for the safety of himself and others as the truck thus proceeded. The failure of the plaintiff thus to conduct himself in accordance with any of the foregoing requirements of law would constitute contributory negligence on his part.

The court in a further instruction stated:

You are not to single out any certain sentence or any individual point or instruction and ignore the others, but you are to consider all the instructions as a whole and to regard each in the light of all the others.

It will be noted that the defendant did not request the court to give a specific instruction to the jury that the jury might consider the plaintiff standing on the wire as a specific ground of contributory negligence.

■ We are of the opinion that the court's instructions taken as a whole adequately and fairly presented to the jury the claims of the defendant that the plaintiff was guilty of contributory negligence, which was the proximate cause of his own injuries and damages.[1] The evidence in the record pertaining to the manner in which the defendant's driver, Poulson, op-

1. Taylor v. Johnson, 18 Utah 2d 16, 414 P.2d 575; Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.

erated the truck immediately prior and at the time of the injuries complained of by the plaintiff would form a factual basis to support a finding by the jury that the driver's negligence was the sole proximate cause of the plaintiff's injuries.

■ The defendant claims that the award of the jury representing loss of earnings which Elmer might suffer in the future was duplicated in the award of general damages. The court instructed the jury upon the question of loss of earnings in the following language:

In determining such damages you may further award such sum as will fairly and adequately compensate the plaintiff for any loss of earnings he suffered because of the injury in question by reason of being unable to work, and you may also consider the matter of loss of future earnings and award him the present value of such loss, if any, as you believe from a preponderance of the evidence he is reasonably certain to suffer in the future as a result of the injury in question.

While future loss of earnings is properly a matter for the jury to award as general damages, nevertheless, in view of the language of the instruction quoted above, it is unlikely that the jury would be misled, inasmuch as the instruction told the jury to consider both the award for past and future earnings and to enter the amount of the award on the line of the verdict indicating "Loss of Earnings".

■ In view of the serious injury suffered by the plaintiff, resulting in a permanent loss of bodily function, the jury's award of general damages does not appear to be excessive. There is adequate evidence in the record to support the jury's award for loss of the plaintiff's ability to carry on the usual affairs of life, aside from his ability to earn money.

We find no prejudicial error in the record of the trial below, and the judgment is affirmed. Costs to the respondent.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.